# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 6, 2026

Lyle W. Cayce
Clerk

No. 25-10993
Summary Calendar

———————————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

PEDRO DELGADO-RAMIREZ,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:25-CR-102-1

———————————————————————

Before WIENER, WILLETT, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Pedro Delgado-Ramirez appeals following his conviction for illegal reentry in violation of 8 U.S.C. § 1326(a). Delgado-Ramirez contends that the statutory sentencing enhancement in § 1326(b) is unconstitutional. He concedes that this issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), and seeks to preserve the issue for Supreme Court

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-10993

review.   The Government has filed an unopposed motion for summary affirmance or, alternatively, for an extension of time to file its brief.

The parties are correct that Delgado-Ramirez's argument is foreclosed by *Almendarez-Torres*. *See United States v. Pervis*, 937 F.3d 546, 553–54 (5th Cir. 2019); *see also Erlinger v. United States*, 602 U.S. 821, 838 (2024) (explaining that *Almendarez-Torres* "persists as a narrow exception permitting judges to find only the fact of a prior conviction" (internal quotation marks and citation omitted)).   Summary affirmance is therefore appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, the motion for summary affirmance is GRANTED, the alternative motion for an extension of time is DENIED, and the judgment is AFFIRMED.